FILED
2021 May-26 PM 02:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CAMPBELL LAW, P.C. and THOMAS F. CAMPBELL,** | ) | |
| **Plaintiffs,** | ) | Civil Action Number **2:21-cv-00628-AKK** |
| **vs.** | ) | |
| **ALLIED WORLD INSURANCE CO., et al.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

Campbell Law, P.C. and Thomas F. Campbell (collectively, "Campbell"), Alabama citizens, filed this breach of contract and bad faith action against Allied World Insurance Co., a New York and Delaware corporation, and CRC Insurance Services, Inc., an Alabama corporation, in the Circuit Court of Jefferson County, Alabama. Doc. 1-1 at 3-14. According to Campbell, Allied World wrongfully denied a claim they made under a professional liability insurance policy Campbell purchased from Allied World, and CRC, Campbell's insurance broker, negligently or wantonly administered the claim. *Id.* at 4, 6-9. Based on those allegations, Campbell asserts a breach of contract claim against Allied World and CRC, bad

faith claims against Allied World and CRC, and negligence or wantonness claims against CRC. *Id.* at 10-13.

Allied World removed this action on a fraudulent joinder theory, asserting that jurisdiction exists pursuant to 28 U.S.C. § 1332(a) because Campbell added CRC as a defendant to destroy diversity jurisdiction. Doc. 1. This action is now before the court on Campbell's motion to remand, doc. 5, which Allied World has opposed, doc. 7. Because Allied World has not established that no reasonable possibility exists that Campbell can establish a cause of action against CRC, Campbell's motion is due to be granted.

**I.**

Federal courts are courts of limited jurisdiction, with the power to hear only cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). By federal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A party seeking removal bears the burden of establishing that jurisdictional requirements are met. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007). "[F]ederal courts are directed to construe removal statutes strictly . . . . [A]ll doubts about jurisdiction should be

resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

To prove fraudulent joinder, a defendant must show by clear and convincing evidence that "there is no possibility the plaintiff can establish a cause of action against the resident defendant . . . ." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)).[1] This burden "is a 'heavy one,'" and the court must construe the facts and "resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538 (citations omitted). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal,[2] supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (quotation and emphasis in original omitted).

"When considering a motion for remand [based on fraudulent joinder], federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. If there is even a possibility that a state court would find that the complaint states a cause of action against any one of

---

[1] A defendant may also prove fraudulent joinder by showing "the plaintiff has fraudulently pled jurisdiction facts to bring the resident defendant into state court." *Henderson*, 454 F.3d at 1281 (quotation omitted).

[2] As such, although Campbell filed an amended complaint after Allied World removed this action, doc. 6, the court looks only to Campbell's original complaint.

the resident defendants, the federal court *must* find that joinder was proper and remand the case to state court." *Id.* (quotation omitted) (emphasis added). "This standard differs from the standard applicable to a 12(b)(6) motion to dismiss." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011). And, "all that is required to defeat a fraudulent joinder claim is 'a *possibility* of stating a valid cause of action.'" *Id*. (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)) (emphasis added). But, "[t]he potential for legal liability 'must be reasonable, not merely theoretical.'" *Legg*, 428 F.3d at 1325 n.5 (quotation omitted).

**II.**

Allied World contends there is no possibility that Campbell can establish a claim against CRC. Docs. 1 at 5-8; 7. Allied World is correct in part. As Allied World notes, Campbell cannot assert a breach of contract or bad faith claim against CRC because CRC is not a party to the insurance contract at issue. Docs. 1 at 7; 7 at 3-4. Indeed, based on the allegations of the complaint and Campbell's affidavit, CRC is not a party to the insurance policy Campbell purchased from Allied World. *See* docs. 1-1 at 3-13; 5-1; *see also* docs. 1-2 at 2; 7-1 at 2. Thus, under Alabama law, and as Campbell seems to concede, *see* doc. 5, Campbell cannot establish a breach of contract or bad faith claim against CRC based on an alleged failure to provide coverage under the policy. *See William v. State Farm Mut. Auto Ins. Co.*,

886 So. 2d 72, 75-76 (Ala. 2003) (citations omitted); *Ligon Furniture Co. v. O.M. Hughes Ins., Inc.*, 551 So. 2d 283, 285 (Ala. 1989) (citations omitted).

Allied World is incorrect, however, that Campbell cannot assert a negligence or wantonness claim against CRC under Alabama law, which purportedly bars all such claims in the handling of an insurance claim context. Docs. 1 at 7-8; 7 at 4-5. As Campbell notes, they may be able to establish a negligence and wantonness claim against CRC based on Alabama's "voluntary undertaking doctrine."[3] Doc. 5 at 7-10. Under that doctrine, "a duty can arise when [a] person volunteers to act on behalf of another." *Palomar Ins. Corp. v. Guthrie*, 583 So. 2d 1304, 1306 (Ala. 1991) (citations omitted). And, "[i]t is well settled under Alabama law that 'one who undertakes to perform a duty he is not otherwise required to perform is thereafter charged with the duty of acting with due care.'" *Yanmar Am. Corp. v. Nichols*, 166 So. 3d 70, 82 (Ala. 2014) (quoting *King v. Nat'l Spa & Pool Inst., Inc.*, 570 So. 2d 612, 614 (Ala. 1990)). "This principle of law applies to insurance agents and insurance companies." *Palomar Ins. Corp.*, 583 So. 2d at 1306 (citing *Barnes v. Liberty Mut. Ins. Co.*, 472 So. 2d 1041, 1042 (Ala. 1985); *United States Fidelity & Guar. Co. v. Jones*, 356 So. 2d 596, 597-98 (Ala. 1978); *Waldon v. Comm. Bank*, 281 So. 2d 279 (1973)); *see also Somnus Mattress Corp. v. Hilson*,

[3] The cases Allied World cites to support its contention that, under Alabama law, a plaintiff cannot assert a negligence or wantonness claim related to the handling of an insurance claim do not address the voluntary undertaking doctrine. *See Kervin v. Southern Guar. Ins. Co.*, 667 So. 2d 704 (Ala. 1995); *Owens v. Nationwide Prop & Cas. Ins. Co.*, 7:13-cv-00832-LSC, 2014 WL 4258084 (N.D. Ala. Aug. 26, 2014).

280 So. 3d 373, 382 (Ala. 2018) (citation omitted).  Moreover, the Alabama Supreme Court has recognized that an insurance broker could voluntarily assume a duty to help an insured with a claim.  *See Pate v. Rollison Logging Equipment, Inc.*, 628 So. 2d 337, 343 (Ala. 1993) (citing *Palomar Ins. Corp.*, 583 So. 2d at 1306).[4]

Allegedly, CRC "undertook to administer the subject policy" and performed that duty in a negligent or wanton manner.  Doc. 1-1 at 12-13.  And,

> CRC voluntarily undertook the duty to create a Chief Claims Officer and Claims Advocacy Team for retail insureds like Campbell.  [ . . . ]
>
> Allied World advised Campbell and its agent/broker, CRC, of Allied World's decision that the coverage procured by CRC did not provide the required and necessary coverage.
>
> Allied World was in communication with CRC's Gregg Godde.  According to CRC's webpage, Godde is a Senior Vice President and leads a "Claims Advocacy Team" that advocates for coverage for the insured[, i.e.,] Campbell.  Because CRC did not sell Campbell the policy, CRC's role should have been to take all reasonable steps to serve as [Campbell's] ombudsman or advocate for coverage for Campbell.

Doc. 5-1 at 4;[5] *see also* doc. 5-2 at 11.  Moreover, Campbell allegedly timely notified Allied World and CRC of a claim under their professional liability policy,

---

[4] In *Pate*, the Court affirmed the grant of summary judgment in favor of the insurance broker on the plaintiff's negligence claim because the plaintiff "offered no substantial evidence of a breach of [a voluntarily assumed] duty" by the broker to assist with the submission of an insurance claim—not because Alabama law bars such negligence claims.  628 So. 2d 337 at 343.

[5] Allied World's contention that the court cannot consider Campbell's affidavit, doc. 7 at 7, is unavailing.  In determining fraudulent joinder, the court considers "the plaintiff's pleadings at

and, allegedly, no exclusions in the policy applied to the claim, but Allied World wrongfully denied the claim. Doc. 1-1 at 6.

Based on these allegations, the court cannot say that no possibility exists that an Alabama court would find that CRC voluntarily assumed a duty to advocate for coverage under Campbell's policy. And because an Alabama court could potentially find that CRC owed a duty to Campbell based on the voluntary undertaking doctrine, the court cannot find that Campbell has no possibility of stating a valid cause of action against CRC for negligent or wanton handling of its claim.

**III.**

To close, the court finds that a reasonable possibility exists that an Alabama court could find that CRC assumed a duty to act on behalf of Campbell. Therefore, Allied World has not established that "there is no possibility the plaintiff can establish a cause of action against the resident defendant . . . ." *Henderson*, 454 F.3d at 1281. Because remand is necessary "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint," *Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1298-99

---

the time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties*." *Legg*, 428 F.3d at 1322 (emphasis in original, quotation omitted). Moreover, contrary to Allied World's contention, doc. 7 at 7, the affidavit does not introduce new causes of action or theories of recovery. Rather, the quoted portions relate to whether CRC voluntarily assumed a duty to help administer the insurance policy, which relates to Campbell's negligence or wantonness claim.

(11th Cir. 2007), Campbell's motion, doc. 5, is due to be granted pursuant to 28 U.S.C. § 1447 for lack of subject matter jurisdiction. A separate order will be issued.

**DONE** the 26th day of May, 2021.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE